# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-965V
Filed: December 7, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| AMY H. MORITZ, | |
| Petitioner, | Ruling on Entitlement; Concession; Trivalent Influenza ("Flu") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Robert Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
*Douglas Ross*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On September 3, 2015, Amy H. Moritz ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by the trivalent influenza ("flu") vaccine she received on October 9, 2014.  Petition at ¶¶ 10, 13, 32.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 7, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent "concluded that petitioner suffered a non-Table injury of SIRVA and that the preponderance of the medical evidence indicates that the injury was causally related to the flu vaccination she received on October 9,

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2014."  *Id.* at 6.  Respondent further agrees that "petitioner met the statutory requirements by suffering the condition for more than six months . . . [and] has satisfied all legal prerequisites for compensation under the Act."  *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
