# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-965V
Filed: December 12, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
```
AMY H. MORITZ,                    *
                                  *
           Petitioner,            *
                                  *
v.                                *     Attorneys' Fees and Costs;
                                  *     Special Processing Unit ("SPU")
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
           Respondent.            *
                                  *
```
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
*Douglas Ross*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey**, Chief Special Master:

On September 3, 2015, Amy H. Moritz ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-1 to -34 (2012). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza vaccine on October 9, 2014. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On December 7, 2015, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation for SIRVA. Ruling on Entitlement, issued Dec. 7, 2015 (ECF No. 19). On May 27, 2016, the undersigned issued a decision based on the respondent's proffer, awarding petitioner $207,588.80. Decision, issued May 27, 2016 (ECF No. 31). On August 29, 2016, petitioner filed a motion for attorneys' fees and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa

costs, along with a number of exhibits in support of her motion.  *See* Petitioner's Motion for Attorneys' Fees and Costs ("Pet'r's Mot."), filed Aug. 29, 2016 (ECF No 36).  Petitioner requests $44,833.00 in attorneys' fees and $1,097.95 in costs, for a total amount of $45,930.95.  *Id.* at 7; Exhibit 20, Tabs 2-3.

I.   **Procedural History**

    a.  **Petitioner's Application for Fees and Costs**

Petitioner requests an award of $44,833.00 in attorneys' fees (including $3,125.00 in paralegal fees) and $1,097.95 in costs (including $43.33 in costs incurred by petitioner herself).  Pet'r's Mot. at 7.; Exhibit 20, Tabs 2-3.  The application included contemporaneously created time and expense sheets,[3] as well as support for the hourly rates claimed by Mr. Robert J. Krakow and an associate attorney, Ms. Susan C. Lee.  *See generally*, Exhibit 20, Tabs 1-6.

    b.  **Respondent's Response to Petitioner's Motion for Fees and Costs**

Respondent filed a response on September 13, 2016, raising a general objection to the overall amount of petitioner's application.  *See* Respondent's Response ("Resp't's Resp."), filed Sept. 13, 2016 (ECF No. 37).  In respondent's view, a case such as this should have attorneys' fees and costs in the range of $12,000.00 to $14,000.00, citing "a survey of fee awards in similar cases and her experience litigating Vaccine Act claims."[4]  *Id.* at 3-4.  Respondent, however, defers to the undersigned to determine a reasonable amount of fees and costs, as such determination "is within the special master's discretion."  *Id.* at 2 (quoting *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993)).

    c.  **Petitioner's Reply to Respondent's Response to Petitioner's Motion for Fees and Costs**

Petitioner filed a reply on September 18, 2016, arguing that the range recommended by respondent "constitutes a significant and unjustified reduction of the attorney's fees and costs" and was put forth without "any meaningful case-specific analysis, justification or support."  Petitioner's Reply ("Pet'r's Reply"), filed Sept. 18, 2016 (ECF 38) at 1.  Petitioner encourages the undersigned to "view respondent's response to her request… 'as non-opposition' and award the amount requested by petitioner in full."  *Id.* at 2 (quoting *Dorego v. Sec'y of Health & Human Servs.*, 2016 WL 1635826, at *4 (Fed. Cl. Spec. Mstr. Apr. 4, 2016) (holding that respondent's lack of a "targeted objection" to the billed activities of petitioner's counsel constitutes a waiver).

Mr. Krakow billed an additional $3,527.50 for 8.3 hours of time at a rate of $425 for preparing petitioner's reply brief, bringing the total requested amount of attorneys' fees and costs to $49,458.45.  Exhibit 20, Tab 14.

---

[3] The undersigned appreciates Mr. Krakow's thorough and organized record of fees and costs.

[4] Respondent cites to nine "similarly-postured SIRVA cases."  Resp't's Resp. at 3.

2

After reviewing petitioner's motion and supporting documentation, and giving full consideration to the arguments set forth in the parties' briefs, the undersigned is ready to decide this matter.

## II.     Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  Petitioner in this case was awarded compensation; she is therefore entitled to an award of reasonable attorneys' fees and costs.

### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

####         i.  Hourly Rates

Petitioner requests compensation for Mr. Krakow at a rate of $413 per hour for time billed in 2015; and $425 per hour for time billed in 2016.  Pet'r's Mot. at 5; Exhibit 20, Tab 1 at 3.  These rates have been evaluated and awarded to Mr. Krakow in other Vaccine Act cases, including one recently adjudicated by the undersigned.  *See Laderer v. Sec'y of Health & Human Servs.*, 2016 WL 3044838 (Fed. Cl. Spec. Mstr. Apr. 20, 2016).  The requested rates will be awarded herein.  Additionally, petitioner requests compensation for paralegal work performed by her attorney at a rate of $125 per hour.

3

Exhibit 20, Tab 1 at 3.  The undersigned has previously found this rate to be reasonable and will award it herein.  *See Laderer*, 2016 WL 3044838, at *3.

Petitioner also requests compensation for Susan C. Lee, an associate attorney in Mr. Krakow's firm, at a rate of $360 per hour for time billed in 2015; and $375 per hour for time billed in 2016.  Exhibit 20, Tab 1 at 3; Tab 4 at 2.  Ms. Lee has been awarded these rates in the Vaccine Program previously; however, to the undersigned's knowledge, no special master has undertaken a formal evaluation of these rates.  The undersigned will do so herein, applying the reasoning and ranges set forth in *McCulloch v. Sec'y of Health & Human Servs.*, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[5]

In the *McCulloch* case, Special Master Gowen exhaustively examined the question of appropriate hourly forum rates in the Vaccine Program following the breakdown of respondent's long standing agreement with petitioner's counsel in that case.  *See McCulloch*, 2015 WL 5634323, at *3-4 (for background information regarding these events).  Special Master Gowen determined the appropriate rates for the attorneys at that firm but also established tiered ranges of appropriate forum rates based on years of legal experience.  The reasoning and hourly rates set in *McCulloch* have since been widely followed.

After discussing the potential approaches to setting a forum rate and reviewing cases and material from both within and without the Vaccine Program, Special Master Gowen concluded in *McCulloch* that the following factors should be considered when determining the appropriate hourly rate: (1) the prevailing rate for comparable legal work in Washington, DC; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney(s) in question within the Vaccine Program; (4) the overall legal experience of the attorney(s); (5) the quality of work performed by the attorney(s) in vaccine cases; and (6) the reputation of the attorney(s) in the legal community and community at large.  *McCulloch,* 2015 WL 5634323, at *17.  He calculated the following ranges for reasonable forum rates in Vaccine Program cases:

$350 to $425 per hour for attorneys with 20 or more years of experience;
$300 to $375 per hour for attorneys with 11 to 19 years of experience;
$275 to $350 per hour for attorneys with eight to ten years of experience;
$225 to $300 per hour for attorneys with four to seven years of experience; and
$150 to $225 per hour for attorneys with less than four years of experience.

*Id.* at *19.  Special Master Gowen noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases."  *Id*.  He added that an attorney's level of experience may be increased for legal work performed during law school such as an internship in the Vaccine Program or prior judicial clerkship, especially for attorneys with experience of less than four years.  *Id.*  The undersigned finds the *McCulloch* decision to be well-

---

[5] Although the parties in *McCulloch* did not seek review, much of the reasoning of the *McCulloch* decision was later examined approvingly in *Garrison v. HHS*, No. 14-762V, 128 Fed. Cl. 99 (2016).

4

reasoned and highly persuasive and adopts its reasoning and ranges for the instant analysis.

Since Ms. Lee practices law in New York City, she is entitled to forum rates (just as Mr. Krakow is awarded forum rates). What remains is a determination of whether the hourly rates Ms. Lee has requested are reasonable and appropriate under the factors described in *McCulloch*.

The first step is to determine the applicable *McCulloch* rate range based on the attorney's years of practice. In her affidavit, Ms. Lee states that she has been "licensed to practice law in New York State in 1996." Exhibit 20, Tab 4 at 1. She further states that she began working in the legal marketplace soon after graduation, practicing law "abroad in an investment bank." *Id.* Based on this, Ms. Lee had approximately 19 years of legal experience in 2015, which under *McCulloch* qualifies her for an hourly rate between $300 and $375.[6]

The second step is to determine whether the attorney's requested rate falls within the applicable range, and whether it is appropriately situated therein based on various additional factors. To accomplish this, *McCulloch* instructs that certain factors in addition to overall legal experience be considered, including years of Vaccine Program practice, personal and professional reputation, and quality of work. While working on this case, Ms. Lee had approximately two years of vaccine injury litigation experience, making her a relative newcomer to the Program. Exhibit 20, Tab 4 at 1 (stating that she has been practicing vaccine injury litigation since 2013). As for other factors, Ms. Lee reportedly maintains a good reputation in the legal community and community at large, and is actively involved in several legal professional associations. *Id.* at 2. She also attests that her work has been deemed to be of a high quality by her clients, the result of her hard work and intellect. *Id.*

In light of the foregoing, and in consideration of the undersigned's experience evaluating fee applications in Vaccine Act cases, the undersigned finds that Ms. Lee's requested hourly rates of $360 for work performed in 2015 and $375 for work in 2016 are reasonable and appropriate. These rates will be awarded herein.

      ii. Reduction of Billable Hours

          1. Legal Work

While petitioner is entitled to an award of attorneys' fees, the undersigned finds that a reduction in the number of hours billed by Mr. Krakow and Ms. Lee is appropriate, as some of the time is for administrative-type work or represents excessive billing. Also, some of the hours billed by Mr. Krakow at his attorney rate were for paralegal-type work and should have been billed at his reduced rate.

---

[6] The range applies to attorneys with 11 to 19 years of experience. *See also* OSM Attorneys' Forum Hourly Rate Fee Schedule: 2015 – 2016, http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

a. Administrative Work

Mr. Krakow and Ms. Lee billed time for performing administrative tasks such as inputting timesheets, scheduling status conferences, replacing a defective compact disc, and converting computer files to a workable format.  It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fee rates"). Therefore, the undersigned will not compensate petitioner for the following entries:[7]

On September 2, 2015, Mr. Krakow billed .2 hours for converting computer files to different format.  On September 9 and 10, 2015, Mr. Krakow billed .4 hours for responding to a Clerk's Office request for replacement of a defective compact disc.  On October 16, 2015, Mr. Krakow billed .2 hours for scheduling and calendaring the initial status conference.  On October 26 and November 10, 2015, Ms. Lee billed .10 and .25 hours for "Inputting timesheet."

The foregoing adjustments result in a deduction of $398.80.[8]

b. Excessive Billing

The undersigned finds that petitioner's award should also be reduced for excessive billing. The Vaccine Act provides broad discretion to special masters in determining a reasonable amount of fees and costs.  *See* § 15(e)(1).  The undersigned will only compensate Mr. Krakow and Ms. Lee for one quarter of the time spent on the following tasks:

Between August 13 and 19, 2015, Mr. Krakow billed a total of .7 hours for various meetings to confer with Ms. Lee about the case.  On August 20, 2015, Ms. Lee billed a total of 5.45 hours for "[r]eviewing material for declaration."

Between September 4 and 9, 2015, Mr. Krakow billed .5 hours for reviewing the case assignment order, the initial order, and two notices of appearance.  The case assignment and notices of appearance are non-substantive orders and should not have taken more than a couple minutes in total to review.

On October 16, 2015, Mr. Krakow billed 2.9 hours for work related to petitioner's declaration.  Two days later, on October 18, 2015, Mr. Krakow billed another .6 hours for work related to the declaration.  On October 22, 2015, Ms. Lee billed 1.25 hours for "[r]eviewing file; initial status conference; follow up with client," and .5 hours for "[e]mail to client regarding documentation needed for demand for damages."  The following day, Ms. Lee billed 1.25 hours for a call to the client, listing the exact same reason.  Ms.

---

[7] All of the references to Mr. Krakow's billing entries are found in Petitioner's Motion, Tab 2.

[8] September 2, 2015 ($125 x .2 = $25.00); September 9 and 10, 2015 ($413 x .4 = $165.20); October 16, 2015 ($413 x .2 = $82.60); October 26 and November 10, 2015 ($360 x .35 = $126.00).  Total: $398.80.

Lee's work was largely a duplication of work billed for by Mr. Krakow on the October 22, 2015, when he charged for preparing for the initial status conference and for contacting petitioner afterwards to discuss respondent's settlement posture.

On December 23, 2015, Mr. Krakow billed 2.0 hours for more work on petitioner's declarations. On January 6, 2016, he billed another 1.3 hours for work related to her affidavits. Between January 18 and February 4, 2016, Mr. Krakow billed a total of 2.4 hours for reviewing various documents, orders, and files.

The foregoing adjustments result in a deduction of $5,536.20.[9]

### 2. Paralegal Work

As noted, Mr. Krakow does not utilize the services of a paralegal, but bills at a reduced rate of $125 when he performs paralegal-type work. In this case, Mr. Krakow billed 25 hours for paralegal work. Exhibit 20, Tab 2 at 23. The undersigned has identified an additional 8.6 hours to be paid at the reduced rate.

On May 29, 2015, Mr. Krakow billed .4 hours for sending and receiving faxes. On June 15, 2015, he billed .3 hours for receiving, scanning, and labeling medical records. On July 10, 2015, he billed .7 hours for work related to requesting medical records. On July 23 and August 7, 10, and 13, 2015, Mr. Krakow billed another 1.5 hours for work related to requesting, monitoring, and receiving medical records.

On August 24, 2015, Mr. Krakow billed 1.0 hour for work related to obtaining medical records. On September 3, 2015, he billed 1.3 hours for reviewing various ECF notices. Between September 8 and 15, 2015, Mr. Krakow billed .6 hours for reviewing the file, confirming a FedEx delivery, calendaring deadlines, and updating a database.

On October 18, 2015, Mr. Krakow billed .2 hours for reviewing a one-sentence non-PDF order, status-checking the file, calendaring deadlines, and updating a database. On October 21, 2015, he billed .9 hours for work related to receiving and filing petitioner's affidavit and preparing the statement of completion.

On November 9, 2015, Mr. Krakow billed .1 hours for reviewing the file and checking the calendar and database. Similar entries totaling .4 hours are found on March 15, 19 and 29, 2016.

On May 31, 2016, Mr. Krakow billed .1 hour to organize the file. On July 14, 2016, he billed .2 hours to prepare the election to accept judgment. On July 16, 2016, he billed .4 hours for work related to obtaining Ms. Lee's hours and preparing and filing

---

[9] August 13-19, 2015 ($413 x .7 = $289.10); August 20, 2015 ($360 x 5.45 = $1,962.00); September 4 and 9, 2015 ($413 x .5 = $206.50); October 16 and 18, 2015 ($413 x 3.5 = $1,445.50); October 22 and 23, 2015 ($360 x 3.0 = $1,080.00); December 23, 2015 ($413 x 2.0 = $826.00); January 6, 2016 ($425 x 1.3 = $552.50); January 18 and February 4, 2016 ($425 x 2.4 = $1,020.00). Total billed: $7,381.60. Reduction (75%): $7,381.60 x .75 = $5,536.20.

the General Order #9 statement. He billed another .5 hours on August 16 and 19, 2016, for work related to the General Order #9 statement.

The foregoing adjustments result in a deduction of $2,496.00.[10]

      b. Costs

Petitioner requests reimbursement for attorney costs in the amount of $1,054.62 and personal costs of $43.33, for a total of $1,097.95. The undersigned finds no cause to reduce petitioner's request and awards the full amount sought.

## III. Conclusion

Based on all of the above, the undersigned finds that petitioner is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---|
| Requested attorneys' fees (original application): | $44,833.00 |
| Requested attorneys' fees (reply brief) | $3,527.50 |
| **Initial Fees Total:** | **$48,360.50** |
| | |
| Less for administrative work: | -$398.80 |
| Less for excessive billing: | -$5,536.20 |
| Less for paralegal adjustment: | -$2,496.00 |
| **Adjusted Fees Total:** | **$39,929.50** |
| | |
| Requested attorneys' costs: | +$1,054.62 |
| Requested petitioner's costs: | +$43.33 |
| **Costs Total:** | **$1,097.95** |
| | |
| **Awarded Total Attorneys' Fees and Costs:** | **$41,027.45** |

**Accordingly, the undersigned awards a total of $41,027.45 [11] as follows:**

> **(1) A lump sum of $40,984.12, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Robert J. Krakow; and**

---

[10] May 29-August 13, 2015 ($413 x 2.9 = $1,197.70); August 24-September 15, 2015 ($413 x 2.9 = $1,197.70); October 18 and 21, 2015 ($413 x 1.1 = $454.30); November 9, 2015 ($413 x .1 = $41.30); March 15-29, 2016 ($425 x .4 = $170.00); May 31-August 19, 2016 ($425 x 1.2 = $510.00). Total requested: $3,571.00. Same hours paid at paralegal rate: $125 x 8.6 = $1,075.00. Calculation of difference between requested amount and rate-reduced amount: $3,571.00 - $1,075.00 = $2,496.00.

[11] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

**(2) A lump sum of $43.33, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Amy H. Moritz.**

The clerk of the court is directed to enter judgment in accordance with this decision.[12]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[12] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.